UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JESUS P. MALDONADO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 23-cv-195-WES-PAS |
| | : | |
| WARDEN NESSINGER, MAJOR LAPORE, MAJOR DAMASO, and MAJOR J. SULLIVAN, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiff Jesus P. Maldonado was arrested on federal charges and detained by this Court in the custody of the United States Marshals Service at the Donald W. Wyatt Detention Facility ("Wyatt"). United States v. Maldonado, 19-CR-43JJM/LDA, ECF No. 8. Alleging that his civil rights have been violated by the Wyatt's lax approach to protective custody, Plaintiff filed this *pro se* suit against four Wyatt officials seeking compensatory damages for emotional distress. ECF No. 1, as amended by ECF No. 5. Along with his complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP Motion"), which has been referred to me. ECF No. 2. While Plaintiff appears to qualify for IFP status (except that he has not yet filed the inmate account statement that is a mandatory requirement for prisoner IFP motions), this referral requires me to screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and to recommend dismissal if it fails to state a claim.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2) and § 1915A is identical to the standard used when ruling on a Fed. R. Civ. P. 12(b)(6) motion. Chase v. Chafee, No. CA 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9,

2011), adopted, 2011 WL 6826629 (D.R.I. Dec. 28, 2011).  That is, "[t]o state a claim on which relief may be granted, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (cleaned up).  In making this determination, the Court must accept a plaintiff's well-pled factual allegations as true and construe them in the light most favorable to him.  Id.  Although the Court must review pleadings of a *pro se* plaintiff liberally, Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Court need not credit bald assertions or unverifiable conclusions, Chase, 2011 WL 6826504, at *2.  Nor is the Court "'bound to accept as true a legal conclusion couched as a factual allegation.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

I.   Background

Plaintiff is detained at the Wyatt in protective custody.  He claims that prison officials at the Wyatt have failed to take adequate measures to ensure that inmates who are not in protective custody do not see his face.  His complaint focuses on areas inside the Wyatt that have internal windows, such as the chapel and the barbershop.  He recites various instances when other inmates have seen his face, known him to be in protective custody and taunted him.  ECF No. 1 at 6-7.  These incidents have occurred while Plaintiff and other protective custody inmates were temporarily placed in the chapel during a "shake-down"; while Plaintiff moved through Wyatt hallways past areas with windows looking out on the hall when performing his job as a biohazard worker; and while Plaintiff was transported to and from Court in a van with other inmates.  Id.  The incidents have caused Plaintiff stress because "[he] can't stop thinking that [his] life will be in danger because of the exposure to other inmates."  Id.  Plaintiff fears that others will see his face if he goes to the barber shop, the classroom or the chapel because each of those areas has

2

"big windows" through which others can see his face and he avoids going to these areas for fear of being seen. Id. at 6. For three days while an area was being painted, he did not take a shower because he would have to go through the chapel to get to the shower. ECF No. 5 at 1.

In response to one of Plaintiff's grievances about the windows in the barbershop, Wyatt officials advised Plaintiff: "the windows in the barbershop will not be covered up[,] as we want to see what[']s going on at all times in the b[arber]shop." Id. at 10. The response suggests to Plaintiff that he could reduce the exposure of his face by "not push[ing] the tray cart in the hallway if you don't want anyone in the barbershop to see you." Id.

Plaintiff does not allege that he has ever been threatened, attacked or physically injured as a result of the windows built into the internal spaces in the Wyatt or as a result of the instances when other inmates have seen his face. That is, Plaintiff's only injury is his fear that other inmates who see his face and know he is in protective custody might hurt him in the future.

**II.     Analysis**

There are several reasons why I recommend that Plaintiff's complaint, as amended by ECF No. 5, be dismissed at screening, with leave to replead if Plaintiff can state a viable claim.

First, the Prison Litigation Reform Act ("PLRA") provides that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . .

42 U.S.C. § 1997e(e). Plaintiff seeks only compensatory damages and alleges only emotional distress arising from his perception that the exposure of his face might lead to physical injury. Accordingly, his claim is not viable pursuant to PLRA. See Woodford v. Ngo, 548 U.S. 81, 84 (2006) (PRLA § 1997e(e) prohibits claims for emotional injury without prior showing of physical injury); Restucci v. Clarke, 669 F. Supp. 2d 150, 159 (D. Mass. 2009) ("[PLRA] bars a

3

prisoner's action for compensatory damages based on mental or emotional injuries suffered in custody, absent a showing of 'physical injury.'") (quoting 42 U.S.C. § 1997e(e)).

Second, applicable law provides that a pleading plausibly alleges that prison officials violate constitutional standards for conditions of confinement only if it meets two requirements. Calderón-Ortiz v. Laboy-Alvarado, 300 F.3d 60, 64 (1st Cir. 2002). First, the deprivation alleged must be "objectively, sufficiently serious" and, second, the plaintiff must allege facts sufficient to show that the named defendant knew of the substantial risk of serious harm and disregarded it. Id.; see Forbes v. Wall, No. CA 14-322-ML, 2014 WL 4997289, at *2-3 (D.R.I. Oct. 7, 2014). Here, far from alleging that the named official knew of a substantial risk of harm and ignored it, Plaintiff's pleading alleges only that he has been the subject of generic derogatory taunts directed by non-protective-custody inmates at inmates in protective custody. He does not allege that any of these taunts amount to threats, nor does he claim that they were directed at him personally. Further, the pleading is clear that Wyatt officials were attentive to his security in that he was placed in protective custody and responded to his grievances with suggestions of ways that he could protect his face from being seen. Far from deliberate indifference, Plaintiff's pleading establishes that Wyatt officials told Plaintiff that the Wyatt's openness is to maintain safety and that blocking the internal windows (as he requested) would itself create a security issue. And despite four years spent at the Wyatt, Plaintiff does not allege anything to establish that his fears are reasonable; that is, Plaintiff fails to plead that the exposure of his face at the Wyatt has ever led to physical attack or injury. Thus, the pleading fails to state a plausible claim of a deprivation of constitutional dimensions. See Forbes, 2014 WL 4997289, at *2-3 (complaint fails to state plausible constitutional claim based on fear of harm because plaintiff alleged only that, when he

4

advised officials of death threats, he was placed in protective custody and then moved to where officials believed he would be "Okay").

Third, it is far from clear that Plaintiff has a legally viable vehicle to assert a constitutional cause of action for the conduct that he challenges. For starters, his claims appear to allege only conduct under color of federal law, so a claim based on 42 U.S.C. § 1983 is not viable. See Glennie v. Garland, C.A. No. 21-231JJM, 2023 WL 2265247, at *16 (D.R.I. Feb. 28, 2023) (Wyatt is federal facility and actions of its officials directed towards inmates detained by federal court in custody of U.S. Marshals based on federal charges constitute federal action, not state action), adopted by Text Order (D.R.I. Apr. 13, 2023). Further, as the Supreme Court has recently clarified, a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), is viable only in narrow circumstances not applicable here. Glennie, 2023 WL 2265247, at *12 (quoting Egbert v. Boule, 142 S. Ct. 1793, 1799-1803 (2022)) ("Bivens is a strictly limited and 'disfavored' cause of action."). Guided by Egbert's caution that Bivens should rarely be extended, 142 S. Ct. at 1803, I recommend that the Court decline to extend Bivens to Plaintiff's claims and that all allegations of unconstitutional actions under color of federal law should be dismissed.

In conclusion, and mindful of Plaintiff's *pro se* status, I recommend that Plaintiff be afforded leave to file an amended pleading if he is able to state a plausible claim. In so doing, Plaintiff is cautioned that a claim arising under 42 U.S.C. § 1983 must not only clear the Twombly/Iqbal plausibility bar, but also must plausibly allege that his injury was caused by state action. If his claim is based only on federal action, the pleading must include facts sufficient to wedge this case into the narrow crevice remaining under Bivens after Egbert.

**III.    Conclusion**

As pled, I find that Plaintiff's complaint (comprising ECF Nos. 1 and 5) fails to state a claim and recommend that it be dismissed at screening. However, before the complaint is dismissed, I recommend that Plaintiff be afforded thirty days to file an amended pleading that states a viable claim, as well as that he must file the inmate account summary required by 28 U.S.C. § 1915(a)(2) for the six-month period preceding the filing of his complaint in order for his IFP motion to be granted. If Plaintiff fails to file an amended pleading or if the amended pleading fails to state a claim, I will recommend that this case be dismissed with prejudice.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 30, 2023