UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JESUS P. MALDONADO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 23-cv-195-WES-PAS |
| | : | |
| WARDEN NESSINGER, MAJOR LAPORE, MAJOR DAMASO, and MAJOR J. SULLIVAN, | : : : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On May 30, 2023, I issued a report and recommendation that recommended that the complaint for money damages filed by Plaintiff Jesus P. Maldonado be dismissed for failing to state a claim, for claiming damages only for emotional distress (with no allegation of physical injury), and for seeking money damages via a claim that does not qualify as a permissible Bivens action. ECF No. 6 ("R+R"). In adopting this recommendation, the Court afforded Plaintiff time to file an amended pleading to address (if he can) the deficiencies identified in the R+R. Maldonado v. Nessinger, C.A. No. 23-cv-195-WES-PAS, 2023 WL 3721497, at *1 (D.R.I. May 30, 2023), adopted by Text Order, (D.R.I. June 21, 2023).

Since the R+R issued and was adopted, Plaintiff has filed a motion to supplement his pleading with two new incidents that are similar to those referenced in his prior filings: first, he alleges that, on June 5, 2023, inmates "from other block" could see inmates in protective custody including Plaintiff while they were in the Chapel and that the inmates from the other block "call[ed] names" and "sow [sic] [Plaintiff] and told [him] that they was going to kill [him]"; and, second, he alleges that, on June 27, 2023, Plaintiff was transported to federal court and was

placed in a cell with another inmate who could have (but did not) jumped him.  ECF No. 8-1 at 1.  Plaintiff has also filed two motions for appointment of counsel, ECF Nos. 7, 9, as well as a new IFP motion, ECF No. 10, which is appropriately supported by an Inmate Balance History Report from December 1, 2022, to April 30, 2023, ECF No. 11.

Having reviewed Plaintiff's new filing seeking to supplement his original pleading with the leniency required for any *pro se* submission to the Court, I find that it does not adequately address any of the deficiencies with the original pleading identified in the R+R.  See Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).  Therefore, I now recommend that this case be dismissed with prejudice.  If this recommendation is adopted, I also recommend that Plaintiff's motions for the appointment of counsel, ECF Nos. 7 and 9, and his IFP motions, ECF Nos. 2 and 10, be denied as moot.  Finally, while Plaintiff's legal claim is without merit, his filings suggest that he suffers from significant fear.  Since his complaint will not be served if my recommendation is adopted, to make certain that Wyatt officials are aware of Plaintiff's fear and can take appropriate steps to assist him, if they have not already done so, I direct the Clerk to provide to legal counsel for the Wyatt a copy of ECF Nos. 8 and 8-1, which includes the supplement in which Plaintiff describes his fear, as well as a copy of this report and recommendation.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 26, 2023